Filed 10/1/14  P. v. Flores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD FLORES,<br><br>    Defendant and Appellant. | D065273<br><br><br><br>(Super. Ct. No. SCN303121) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Reversed in part, affirmed in part, and remanded with directions.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

The appellant in this case, Richard Flores molested his granddaughter on a continual basis for approximately eight years since she was six and one-half years old.

A jury convicted Flores of 26 counts of felony child molestation including the offenses of aggravated sexual assault (Pen. Code,[1] §§ 288a, subd. (c)(2); 269, subd. (a)(4)), sexual penetration by force (§§ 269, subd. (a)(5); 289, subd. (a)(1)) and 20 counts of lewd acts on a child under the age of 14 (§ 288, subd. (a)(1)). The jury also found true enhancements as to numerous counts under section 1203.066, subdivision (a)(8).

The court sentenced Flores to an indeterminate term of 90 years to life, consecutive to a determinate term of 46 years.

Flores appeals challenging only the sufficiency of the evidence to support counts 11 and 12 which alleged oral copulation of the victim by Flores at a residence on Rush Street. After reviewing the record we agree there is no evidence that acts of oral copulation of the victim by Flores occurred prior to the family's move away from that house. Accordingly, we must reverse those two convictions and vacate the true finding on the enhancement alleged as to those counts. We will remand the case to the trial court to modify the sentence by removing the two consecutive two-year terms for counts 11 and 12. We will direct the court to modify the abstract of judgment accordingly and forward the amended abstract to the Department of Corrections and Rehabilitation. We will affirm the balance of the judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

STATEMENT OF FACTS

In this appeal, Flores does not challenge the sufficiency of the evidence to support the 24 felony convictions other than counts 11 and 12. Further, Flores does not challenge the admissibility of the evidence or the credibility of the victim. Accordingly, we will only set forth a brief summary of the facts to provide context. We will discuss the facts of counts 11 and 12 in the discussion section of this opinion.

The victim in this case, S., was removed from her parents in 2000. She was placed with her grandparents, Flores and his wife, at a house on Rush Street in Oceanside in 2002.

When S. was in the first grade, Flores began molesting her. The molestations occurred weekly. The types of molestations included touching, digital penetration and forced oral copulation of Flores by S.

When S. was in the fifth grade the family moved to a residence on Kiva Lane. The molestation continued on a regular basis and also included oral copulation of S. by Flores and attempts by Flores to penetrate her vagina with his penis.

In 2011, when S. was 15, friends persuaded her to report the abuse.

DISCUSSION

Flores contends the evidence is insufficient to prove counts 11 and 12. These counts alleged acts of oral copulation by Flores on S. while the family lived on Rush Street. During S.'s testimony she was questioned about certain acts of molestation occurring at the Rush Street house. During direct examination she testified:

3

"Q: Let's talk for a few minutes about oral copulation. And I want to focus right now with you to him. Was there ever a time where your mouth came in contact with his penis?"

"A: Yes.

[¶] . . . [¶]

"Q: How often did this type of conduct happen with your mouth coming in contact with his penis?

"A: On Rush?

"Q: Yes.

"A: I don't recall.

"Q: To the best of your ability, was it similar to him touching your breasts and your vaginal area?

"A: No, it was not as often.

"Q: Was it more than once?

"A: Yes.

"Q: Was it more than twice?

"A: Yes.

"Q: Was this oral contact from you to him, was this happening when you first lived at the Rush Street address or later on?

"A: Later on.

"Q: But still more than twice just in this home?

"A: Yes."

The questioning continued:

"Q: So let's talk about kind of the reverse of that. Did his mouth ever come in contact with your vaginal or genital area?

4

"A: I don't recall any times on Rush.

"Q: Do you recall times at another location?

"A: Yes.

"Q: Where was that?

"A: Kiva.

"Q: But you don't recall that specifically at Rush Avenue?

"A: I do not."

As we will explain, we have not found any testimony by S. or any other witness that acts of oral copulation of S. by Flores occurred while the family lived at the Rush Street house.

## A. Standard of Review

When we review a claim of insufficiency of the evidence to support a conviction we apply the familiar substantial evidence standard of review. Under that standard we review the entire record, drawing all reasonable inferences in favor of the jury's decision. We do not weigh the evidence or make credibility decisions. Rather we seek to determine whether there is substantial evidence in the record from which a reasonable jury could have found each element of the alleged offense to have been proved beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Johnson* (1980) 26 Cal.3d 557, 578; *People v. Ledesma* (2006) 39 Cal.4th 641, 721.)

B.  Analysis

The record demonstrates that S. did not testify about any acts of oral copulation by Flores while the family lived at the Rush Street house.  The People do not disagree with Flores assertion that there is no testimony from the victim identifying oral copulation by Flores until the family moved to the Kiva Lane house.  Rather, the People, relying on *People v. Jones* (1990) 51 Cal.3d 294, 314 (*Jones*), contend that "generic" testimony by a victim that describes acts recurring over a period of time can support convictions.  We find the principles of *Jones* are not applicable to the evidence in this case.

The court in *Jones, supra,* 51 Cal.3d 294 dealt with a number of questions relating to charging child molestation offenses, including those involving multiple acts of molestation occurring over time.  In that case the offenses were charged as occurring from one date to a later date, such as January to November of a particular year.  The court explained that the child has to describe the particular type of activity involved, but it is not necessary to always have precise dates in cases of continuing molestation.  Thus, in *Jones* so called "generic" testimony of the nature of the acts and their frequency over a specified time period could support a conviction for the continuing molestation over the time period.  (*Id.* at p. 314.)  That holding does not impact the case before us.

There was generic testimony relating to acts occurring at the Rush Street house and the acts later at the Kiva Lane house.  There is no problem with that testimony nor is there a challenge here to the sufficiency of such evidence to support the multiple counts of sexual molestation.  The difference here is in the manner of the pleading of the offenses in counts 11 and 12.

6

In count 11 Flores was charged with a violation of section 288, subdivision (a) as follows: Count 11: "to wit: father[2] orally copulates victim's vagina at Rush Street house, FIRST time. Count 12 similarly alleged: "to wit: father orally copulates victim's vagina at Rush Street house, LAST time."

In this case, contrary to *Jones*, *supra*, 51 Cal.3d 294, the charges of a specific type of molestation, i.e., oral copulation by Flores in counts 11 and 12 were "generic" to the time period S. lived with the family at the Rush Street house, and not a generalized allegation that Flores committed this type of act regularly or over many years. Rather, the charges in those counts focus on a specific, albeit lengthy period of time. Having such allegations in mind, we have been unable to find any evidence in this record that Flores orally copulated S. at any time prior to the move to Kiva Lane. On the contrary, the only evidence at trial was that S. denied such conduct occurred during that time period. Thus, this is not a case of the sufficiency of generic testimony about a type of act occurring in a defined time period. Rather, this is a case where there is no evidence, direct, circumstantial or "generic" to support counts 11 and 12. Therefore we have no choice but to reverse the convictions on those counts.

## DISPOSITION

The convictions on counts 11 and 12, together with the enhancement alleged in each of the two counts, are reversed for insufficient evidence. The case is remanded to the superior court with directions to modify the judgment by striking the sentences for

---

2 Although Flores was S.'s grandfather he and his wife adopted S. in 2004.

those counts and to modify the abstract of judgment accordingly.  The court is directed to forward the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


                                                 HUFFMAN, Acting P. J.

WE CONCUR:


              McDONALD, J.


              AARON, J.